UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 3:14-CR-183 (MPS) |
| MICHAEL SIWEK | |

**MEMORANDUM AND ORDER**

Defendant Michael Siwek, who is currently incarcerated, filed a petition for a writ of *coram nobis* challenging the restitution order entered as part of his sentence after he was convicted of conspiracy to defraud the United States, bribery, and tax evasion. (ECF No. 59.) Siwek argues that the Court fundamentally erred by entering the restitution order. He also seeks to prevent the government from enforcing the restitution order by garnishing a portion of the annuity payments he is currently receiving from the State of Connecticut as part of his pension.

Because I find no error, the petition for a writ of *coram nobis* is DENIED.

**I.     Background**

Siwek, a former Executive Director of the West Haven Housing Authority ("WHHA"), waived indictment and pled guilty to a three-count Information charging him with conspiracy, bribery, and tax evasion in violation of 18 U.S.C. §§ 371 and 666(a)(1)(B), and 26 U.S.C. § 7201, for receiving corrupt payments in exchange for awarding WHHA contracts, and for willfully failing to report the receipt of those payments to the Internal Revenue Service ("IRS"). (*See* Stipulation of Offense Conduct, ECF No. 4 at 15-16.)

The Court held a hearing on September 4, 2014, pursuant to Federal Rule of Criminal Procedure 11, at which Siwek was represented by the Federal Defender's Office,[1] and at which

---

[1] Counsel for Mr. Siwek noted during the Rule 11 hearing that she had been representing him for over two years at that point. (ECF No. 74 at 10.)

Siwek signed a plea agreement and entered his guilty plea. In addition to describing the maximum and minimum penalties applicable to the offenses, the plea agreement provided that Siwek would be subject to mandatory restitution for the conspiracy and bribery counts under 18 U.S.C. § 3663A. (ECF No. 4 at 4.) A Rider Concerning Restitution attached to the plea agreement set forth the scope and effect of the order of restitution for those counts. The plea agreement stated that restitution would be payable immediately unless otherwise ordered by the Court. (*Id.*) The plea agreement also stated that, "[r]egardless of restitution that may be ordered by the Court . . . , the defendant agrees to make restitution in the amount of $1,503,096.91" and that the "defendant agrees to make such restitution as ordered by the Court." (*Id.*) With respect to the tax evasion count, the plea agreement stated that Siwek agreed to pay restitution to the IRS in the total amount of $363,781.70 under 18 U.S.C. § 3663(a)(3).[2] The parties reserved their respective rights to appeal the sentence imposed by the Court. (ECF No. 4 at 10.)

During the Rule 11 hearing, the Court canvassed Siwek on his understanding of the rights he would give up by waiving indictment and pleading guilty, his ability to communicate with his attorney, and his understanding of the plea agreement. (*See, e.g.*, ECF No. 74 at 10-15.). Siwek stated that he was satisfied with his attorney's representation. (*Id.* at 10.) The Court made express findings that Siwek was fully competent and capable of entering an informed plea, and that he entered his guilty plea knowingly and voluntarily. (*Id.* at 42.)

Counsel for the government described the rider concerning restitution during the Rule 11 hearing, including that restitution for the conspiracy and bribery counts would be owed "to the victim of the crime, that is, the West Haven Housing Authority," and that for the tax evasion count,

---

[2] 18 U.S.C. § 3663(a)(3) provides, "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

restitution would be owed to the IRS. (*Id*. at 16.) Counsel for the government also stated that Siwek and the government had "agreed to certain figures" for the purpose of restitution, as set forth in the plea agreement. (*Id*. at 16.) In explaining the maximum and minimum penalties applicable to the offenses, the Court explained that it was required to impose an order of restitution in this case. (*Id*. at 23, 24, 25.)

The Pre-Sentence Report ("PSR") prepared in advance of sentencing stated that Siwek "agree[d] to make restitution in the amount of $1,503,096.91 for his conduct in Counts One and Two, the conspiracy and bribery counts." (ECF No. 15 ¶¶ 5, 98.) Siwek submitted no objections to this statement before sentencing.

During sentencing on July 19, 2016, Siwek raised no objections to the factual statements made in the PSR, which the Court adopted. (ECF No. 75 at 8.) The Court noted, also without objection from the parties, that Siwek faced an amount of restitution, and that the parties had agreed to restitution in the plea agreement. (*Id*. at 9.) The Court proceeded to discuss restitution with the parties in depth, and proposed, because the amount owed to the IRS appeared to be a "moving target," that the Court would include in the restitution order only restitution to be paid to the WHHA, in the amount agreed in the plea agreement, $1,503,096.91. (*Id*. at 13.) The Court would then address payments to be made to the IRS as a condition of supervised release. (*Id*.) Counsel for Siwek indicated that there was no objection to this proposal, as the Court's suggested plan would simplify restitution, and as Siwek understood that he had obligations to both the IRS and the WHHA. (*Id*. at 14.) Defense counsel also informed the Court of pending litigation that could have impacted Siwek's annuity income going forward. (*Id*. at 15.) The Court reiterated when imposing sentence that the sentence would include an order of restitution to the WHHA. (*Id*. at

32.) Counsel for the WHHA spoke at sentencing and submitted a Victim Impact Statement, which the Court considered in connection with sentencing. (*Id*. at 3.)

The Court imposed a sentence of 48 months of imprisonment on each count, to run concurrently, and 36 months of supervised release on each count, also to run concurrently.[3] (ECF No. 47.) The Court imposed restitution payable to the WHHA for the conduct in Counts One and Two in the amount of $1,503,096.91, and waived any interest. (ECF No. 47; ECF No. 48; ECF No. 75 at 35.) The Court ordered that Siwek would pay any restitution within 30 days after the commencement of the term of supervised release at a rate of $400 per month. (ECF No. 48 at 3-4.) The Court also ordered that the monthly payment schedule could be adjusted based on Siwek's ability to pay as determined by the Probation Office and approved by the Court. (ECF No. 48 at 5; ECF No. 75 at 34.) Siwek did not appeal his sentence.

The government moved to modify the restitution payment schedule on November 6, 2017. (ECF No. 51.) The government argued that Siwek's economic circumstances had materially changed, as he continued to receive monthly annuity payments from the State. Because he had no cost-of-living expenses while incarcerated, the government argued that Siwek's ability to make restitution payments had improved. The government also filed an application for a writ of garnishment, seeking to garnish 25 percent of Siwek's monthly annuity payments. (ECF No. 52.) The Court granted the motion to modify the payment schedule under 18 U.S.C. § 3664(k) on November 16, 2017, but provided Siwek 21 days in which he could seek reconsideration of the order. (ECF No. 56.) The Clerk of Court issued the writ of garnishment, which was later served on the Office of the State Comptroller. (ECF No. 57, 58.)

---

[3] Siwek was appointed new counsel from the Federal Public Defenders' Office after the Rule 11 hearing, as his former counsel was selected to serve as a United States Magistrate Judge.

Rather than seeking reconsideration within 21 days, Siwek, now appearing *pro se*, filed the petition for a writ of *coram nobis*, which he also styled as a motion for reduction in restitution, on February 6, 2018. (ECF No. 59.) Siwek argues in the petition that the restitution order violated the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, by providing restitution to the WHHA, which Siwek argues did not suffer a loss as a result of his conduct. Siwek argues that imposing restitution was plain error and affected his substantial rights. He also argues that his attorney's ineffective assistance caused him to enter into the plea agreement that contained an agreement to pay restitution. The government and the WHHA each opposed Siwek's petition. (ECF Nos. 66, 67.)

Siwek also requested a hearing to challenge the garnishment of his annuity payments.[4] The Court attempted to hold such a hearing on April 24, 2018, but the correctional institution where Siwek is housed failed to produce him for a video-conference at the scheduled time. The Court nonetheless notified Siwek that he could raise any other arguments he wished in response to the government's opposition, after which the Court would rule. (ECF No. 78.) Siwek filed a reply brief and several exhibits in response to the Court's order. (ECF Nos. 79-82, 84-85.) The government filed a supplemental response, which the Court will treat as a sur-reply. (ECF No. 83.)

**II.  Discussion**

The writ of *coram nobis* is an "extraordinary remedy." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014). "A district court may issue a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where extraordinary circumstances are present." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (quotation marks omitted). "*Coram nobis* is not a substitute

---

[4] In the meantime, the Court directed the Clerk to hold any restitution payments that it would ordinarily make to the victim in this case. The Court noted that the garnishee was still obligated to make garnishment payments to the Clerk's office. (ECF No. 68.)

5

for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Id*. (quotation marks and alterations omitted). The burden is on the petitioner to show 1) "circumstances compelling such action to achieve justice"; 2) "sound reasons . . . for failure to seek appropriate earlier relief"; and (3) that the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id*. at 79. The Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

While the Second Circuit has not explicitly held that a writ of *coram nobis* is available to challenge a restitution order in a criminal case, it has noted that the writ may be available to correct "*fundamental* errors" made in connection with a conviction. *Kaminski v. United States*, 339 F.3d 84, 90 (2d Cir. 2003) (emphasis in original). *See also United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (assuming, but not deciding, that "*coram nobis* might be invoked collaterally to challenge the restitution component of a criminal sentence"); *United States v. Bilal*, 941 F. Supp. 2d 397, 404 (S.D.N.Y. 2013) (construing a § 2255 motion, to the extent that it requested an amendment to a restitution order, as a petition for a writ of *coram nobis*).

I find that Siwek has not met his burden of demonstrating that a fundamental error occurred in this case, and therefore need not decide whether a petition for *coram nobis* is an appropriate vehicle for the relief Siwek seeks. First, the Court imposed restitution in this case based on the plea agreement that Siwek entered into with the government, a process the Federal Criminal Code authorizes. *See* 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."); *United States v. Shaw*, 446 Fed. Appx. 357, 359 (2d Cir. 2011) (affirming restitution order that was consistent with the plea agreement).

6

Siwek relies on *United States v. Zangari*, 677 F.3d 86 (2d Cir. 2012), for the proposition that the Court erred in substituting his gains for WHHA's losses in calculating restitution under the MVRA. Siwek is correct that under *Zangari*, a district court may not base a restitution order on the defendant's gain rather than the victim's actual loss. *Id.* at 91. In *Zangari*, however, the Second Circuit found error in part because the plea agreement stipulated that restitution was "[a]pplicable, in an amount to be determined by the [District] Court." *Id.* at 89. The plea agreement here, by contrast, stipulated to a specific amount of restitution—$1,503,096.91—rather than leaving it to the Court to calculate the amount. (ECF No. 4 at 4.) Though the PSR stated that the MVRA applied to Siwek's convictions (ECF No. 15 at 9 ¶ 29), by adopting the amount the parties stipulated to in the plea agreement, the Court's restitution order fell within § 3663(a)(3) and did not implicate the MVRA.[5] Moreover, the Court engaged in an extensive colloquy with Siwek and his counsel at the change of plea hearing and made express findings that he had read and understood, and had had an adequate opportunity to discuss the plea agreement with his counsel.

Siwek's claim that WHHA suffered no loss as a result of Siwek's conduct is, nonetheless, meritless. First, the notion that the bribes Siwek was convicted of receiving had no impact on the prices WHHA paid to the contractors who paid those bribes is dubious on its face. If the prices they offered were competitive with market prices, it is not clear why it would have been profitable for those contractors to pay the bribes in the first place. In any event, the Court considered and rejected a similar argument made by Siwek's co-conspirator in *United States v. Ross*. Mr. Ross, one of the contractors who made illegal payments to Siwek, unsuccessfully challenged his

---

[5] Because the Court was authorized to enter restitution based on the parties' plea agreement under § 3663(a)(3), I need not consider whether WHHA was a "victim" within the meaning of § 3663A for the purposes of mandatory restitution, although, as noted below, it is clear that the WHHA suffered a loss here.

7

restitution order. The Court rejected that challenge in a written ruling detailing the categories of actual losses the WHHA had proven. *See United States v. Ross*, No. 15-CR-154 (MPS), ECF No. 54 at 6 (June 28, 2016) (ordering Ross to pay restitution in the amount of $538,651.95 to the WHHA based on a list of categories of actual losses WHHA suffered due to his acts and some acts of his co-conspirators). In that case, the Court ordered Ross to pay a figure substantially larger than the amount of the bribes Ross had paid because WHHA had proven that it suffered other losses attributable to the scheme, including costs incurred in investigating the bribery scheme and its impact on the WHHA. Siwek makes no arguments suggesting that the reasoning the Court applied in *Ross* would not apply here and offers no reason to believe the WHHA suffered no loss.

Because Siwek fails to point to any error in the Court's restitution order, Siwek also has not established that his counsel provided ineffective assistance during the pendency of his case. To raise an ineffective assistance of counsel claim, Siwek must demonstrate that (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) ("[I]neffective assistance of counsel is one ground for granting a writ of *coram nobis*."). Siwek argues that his counsel misunderstood the law of restitution and represented to him that he would not have to pay restitution, only to urge him later to accept the plea agreement's restitution provision. (ECF No. 59 at 7.) As discussed above, any ineffective assistance of counsel claim premised on the notion that restitution was improper is misplaced, as the Court had statutory authority to order restitution in accordance with the plea agreement.

In assessing Siwek's claim that his counsel misled him regarding the restitution provision of the plea agreement, the Court "must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Siwek points to no evidence that counsel's advice to accept the plea agreement, including the restitution provision, and to decline to contest restitution at sentencing, was anything but sound defense strategy. To the contrary, at the time of sentencing, Siwek and his counsel were aware that his co-conspirator Ross had contested restitution, raising arguments that the Court had rejected. Thus, Siwek's counsel's decision to forego those arguments was objectively reasonable.

For the same reason, Siwek also cannot demonstrate that but for his counsel's advice, the outcome of the restitution component of his sentence would have been different. "*Strickland* prejudice focuses on the outcome of the proceeding rather than a defendant's priorities or desires." *Kovacs*, 744 F.3d at 52 (granting a petition for *coram nobis* and holding that "a defense lawyer's incorrect advice about the immigration consequences of a plea is prejudicial" under *Strickland*, "if it is shown that, but for counsel's unprofessional errors, there was a reasonable probability that the petitioner could have negotiated a plea that did not impact immigration status or that he would have litigated an available defense"). The Court's prior rejection of the arguments Siwek now makes demonstrates that, but for his counsel's advice, Siwek's restitution obligation would not have been different.

Finally, Siwek's current claim that his lawyer somehow pressed him to enter into the restitution agreement, or otherwise rendered ineffective assistance, is not credible in light of his repeated statements, under oath at the time of the plea colloquy, that he was fully satisfied with her advice and representation, that he had had ample time to consult with her about the case, that she had answered any questions he might have about the plea agreement, including the restitution

9

obligation, and that he had read and fully understood that agreement before signing it. (*See* ECF No. 74 at 10, 14-15.) Siwek's ineffective assistance of counsel claim necessarily fails as a result.

Siwek's inability to demonstrate fundamental error or miscarriage of justice is sufficient grounds for denying the petition. *See Rutigliano*, 887 F.3d at 110 (rejecting defendants' petition for *coram nobis* relief where the original restitution order contained no error). Even if I were to find fundamental error, however, Siwek also has not established sound reasons for his delay in filing the petition over a year and a half after sentencing. Siwek did not appeal his sentence, despite reserving his right to do so in the plea agreement. Rather, it appears that he filed this petition because the government decided to enforce the restitution order by moving to modify the payment schedule, due to Siwek's continued receipt of annuity payments and negligible cost of living while incarcerated. Correspondence between Siwek and the state comptroller's office, which Siwek filed on the docket, suggests that Siwek was concerned about the impact of the garnishment on his wife's interest in his annuity payments. (*See* ECF No. 80 at 1.) The same correspondence suggests that Siwek concedes that he agreed to restitution in the amount of $400 per month beginning after the conclusion of his prison sentence, but that he did not anticipate the government's motion to modify the payment schedule. (*Id*.) Nonetheless, Siwek "knew or should have known since the time of his conviction . . . of the facts underlying his current claim," namely, that he would be subject to a substantial restitution order payable to the WHHA, and that his receipt of annuity payments could be impacted by that order. *Foont*, 93 F.3d at 80. At the Rule 11 hearing, Siwek's lawyer raised the issue of pending litigation involving the annuity payments, which would not be relevant to the proceedings other than in anticipation of a restitution order. The Court and the

parties discussed the details of restitution at both the Rule 11 hearing and sentencing.[6] Thus, Siwek fails to establish sound reasons for the delay in filing this petition.

## III. Conclusion

For the reasons discussed above, the petition for a writ of *coram nobis* is DENIED. The motion for a hearing (ECF No. 61), motion for an extension of time to file a reply (ECF No. 76), and motion to cancel the hearing (ECF No. 77) are DENIED as moot.[7]

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         July 12, 2018

---

[6] To the extent I construe Siwek's petition as a motion for reconsideration, I find that it is untimely. Upon granting the government's motion to modify the payment schedule, the Court provided Siwek with an opportunity to seek reconsideration by filing a motion within 21 days. Siwek did not file such a motion. Instead, Siwek filed the petition for *coram nobis* 82 days later.

[7] Because Mr. Siwek's challenge to the writ of garnishment is premised solely on his petition for *coram nobis*, this ruling moots his request to reschedule the hearing on garnishment.